IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| CLIFFORD TRUDEAU, | ) | Cause No. CV 07-20-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| WARDEN DAN O'FALLON, | ) | |
| | ) | |
| Respondent. | ) | |

On September 13, 2006, Petitioner Clifford Trudeau moved to proceed in forma pauperis with a petition for writ of habeas corpus under 28 U.S.C. § 2254. The motion was granted in a separate Order. Trudeau is a state prisoner proceeding pro se.

**I. Background**

In 2004, Trudeau was charged in Montana's Nineteenth Judicial District Court, Lincoln County, with one count of criminal possession of dangerous drugs ("CPDD") (Count 2), four counts

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

of theft (Counts 3-6), and four counts of burglary (Counts 7-10).[1] In March 2005, Trudeau and the State reached a plea agreement. Trudeau agreed to plead guilty to CPDD and the theft charges, and the State agreed to dismiss the burglary charges. Trudeau changed his plea on March 5, 2005. See Pet. at 3, ¶¶ 1-5.

On April 25, 2005, Trudeau was sentenced to serve five years on the CPDD charge. Concurrent sentences of six months were imposed on each of the four theft charges, but those terms were suspended. Written judgment was entered on April 28, 2005. See Pet. Ex. D (Judgment) at 2. On the State's motion, the burglary charges were dismissed without prejudice. See Pet. Ex. C (Order) at 1.

In May 2006, Trudeau filed a petition for writ of habeas corpus in the trial court. He asserted that his five-year sentence violated Mont. Code Ann. § 45-9-102(7) because, as a first time drug offender, he was presumed to be entitled to a deferred sentence. See Pet. Ex. A (State Trial Court Habeas Pet.) at 2. On May 15, 2006, the trial court denied the petition. See Pet. Ex. E (Order) at 2. On May 19, 2006, the trial court received from Trudeau a letter reiterating his argument. On August 19, 2006, Judge Prezeau wrote on the letter, "If this is a motion for reconsideration, it is denied." Pet. Ex. F (letter) at 1.

On June 14, 2006, Trudeau filed a petition for writ of review in the Montana Supreme Court, alleging that the trial court exceeded its jurisdiction in imposing sentence. See Pet. Ex. B (State Pet. for Writ of Review) at 1; see also Pet. Ex. G (Mem. of Law). On July 6, 2006, the Montana Supreme Court denied the petition. See Pet. Ex. H at 1-2.

---

[1] The documents before the Court do not provide any information about Count 1.

Trudeau filed his petition for writ of habeas corpus in this Court on September 13, 2006. On April 30, 2007, he was ordered to show cause why Claim 1 and Claims 3-11 of his federal petition should not be dismissed for procedural default. He responded on May 30, 2007.

## II. Trudeau's Allegations

It is difficult to summarize Trudeau's allegations because he submitted both a form petition and a brief, and the two documents state his claims for relief differently. The Court will follow the list of issues presented in Trudeau's brief. See Br. in Supp. of Pet. (doc. 2) at 2, ¶¶ A-K.

First, Trudeau contends that the State breached the plea agreement.

Second, he claims that the trial court violated Mont. Code Ann. § 45-9-102(7).

Third, he alleges that his "second sentence on the dismissed burglary charges and the suspended sentences on the misdemeanors," see id. ¶ C, were barred by the doctrines of res judicata and double jeopardy.

Fourth, he avers that the trial court denied his right to due process by holding an evidentiary hearing and an omnibus hearing outside his presence.

Fifth, he claims that the trial court committed "constructive fraud," id. ¶ E, when it interrupted the State's recitation of the plea agreement and stated that the theft terms would be imposed to run concurrently.

Sixth, he alleges that the State violated Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose the punishment that would be imposed by the trial court.

Seventh, he contends that the trial court violated the Equal Protection Clause of the Fourteenth Amendment when it violated Mont. Code Ann. § 45-9-102(7).

Eighth, he avers that the State first dismissed the burglary charges and then sentenced him to serve five years on those charges.

Ninth, he asserts that he was prosecuted for a crime committed in Canada.

Tenth, he claims he was subjected to double jeopardy when he was sentenced on the theft charges and theft was an element of the dismissed burglary charges. (This claim is mistakenly numbered eleven.)

Eleventh, and last, he alleges that the State waived "the time bar that prohibits the filing of writs, appeals, or other pleadings," id. ¶ K, because the State committed fraud.

## III. Analysis

### A. Procedural Default: Claim 1 and Claims 3-11

Except for Trudeau's claim that the trial court violated Mont. Code Ann. § 45-9-102(7), the doctrine of procedural default bars this Court from considering his petition.

The issue of procedural default may be raised in a court's preliminary screening "when the default is obvious from the face of the petition and when recognizing the default would 'further the interests of comity, federalism, and judicial efficiency.'" Vang v. State of Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003) (quoting Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998)).

Here, procedural default is clear on the face of the petition.[2] Trudeau's petition and exhibits neither allege nor demonstrate that he timely filed a petition for postconviction relief. Moreover, the documents he filed in the state courts did not raise Claim 1 or Claims 3-11 as alleged in his federal

---

[2] Because Trudeau never raised Claim 1 or Claims 3-11, they are unexhausted. However, when it is clear that a habeas petitioner has no procedural avenue by which he may return to state court to exhaust his claims, they are deemed exhausted, and the issue becomes one of procedural default. See, e.g., Insyxiengmay v. Morgan, 403 F.3d 657, 667 (9th Cir. 2005).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

petition. A petition for post-conviction relief is no longer available to Trudeau. See Mont. Code Ann. § 46-21-102(1) (2005). Additionally, most of Trudeau's claims could have been raised on direct appeal, so Mont. Code Ann. § 46-21-105(2) (2005) would have prevented Trudeau from raising them in a postconviction proceeding. Trudeau's claims – again, except for his claim alleging violation of Mont. Code Ann. § 45-9-102(7) – are procedurally defaulted under state law.[3]

Under most circumstances, claims that are procedurally barred from going forward in state court also cannot be raised in federal court. The state's procedural bars are generally adequate and independent grounds[4] for declining to grant relief and are not subject to federal review. See Harris v. Reed, 489 U.S. 255, 263 (1989). However, there are exceptions to the general rule of dismissal for procedural default. Once a procedural default is found to exist, then:

> federal habeas review of the claims is barred *unless* the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991) (emphasis added). Accordingly, before this Court can review his claims, Trudeau must EITHER show (1) cause and (2) prejudice; OR he must show that this Court's failure to consider his claims would result in a fundamental miscarriage of justice.

---

[3] Trudeau could also have filed a motion to withdraw his guilty plea. See Mont. Code Ann. § 46-16-105 (2003). However, since the Court did not identify this basis for procedural default in the Order to Show Cause, it will not be considered at this time.

[4] The Montana Supreme Court has consistently applied Mont. Code Ann. §§ 46-21-102(1) and 46-21-105(1)(b), without considering federal procedural or substantive law, to bar review of issues that are not timely raised or that could have been raised on direct appeal or in a previous post-conviction petition. See, e.g., Peña v. State, 100 P.3d 154, 160-61 ¶¶ 26-29 (Mont. 2004) (petitioner's claim that sentence was illegal was time-barred); Watson v. State, 61 P.3d 759, 761 ¶¶ 10-11 (Mont. 2002) (considering whether claim could have been decided on direct appeal and so was procedurally barred); State v. Whitehorn, 50 P.3d 121, 129 ¶ 49 (Mont. 2002) (as amended) (reiterating requirement that post-conviction petitions be timely filed); State v. Hanson, 988 P.2d 299, 301 ¶ 14 (Mont. 1999) (explaining that Montana state courts must consistently apply the statutory bar to prevent the abuse of post-conviction relief by criminal defendants).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

Trudeau was advised of these requirements and given an opportunity to file a brief on the issue. He did so on May 30, 2007. He proffers several causes for his default.

Trudeau's first, fourth, and fifth proffered causes essentially allege that the trial court, the prosecutor, and defense counsel all concealed from him the text of Mont. Code Ann. § 45-9-102(7), which, he says, mandated a deferred sentence for him as a first-time offender. The merits of that argument are dealt with below in Part III.B. For present purposes, it is clear that, even if the statute was "concealed," that concealment has nothing to do with Trudeau's failure to raise in the state courts those claims that are here numbered Claim 1 and Claims 3-11. Trudeau states that he first read the statute on May 4, 2006. See Resp. to Order to Show Cause (doc. 20) at 4. A review of both the habeas petition filed in the trial court, see Pet. Ex. B, and the habeas petition filed in the Montana Supreme Court, see Pet. Ex. G, shows that Trudeau did not raise the arguments in those petitions that he raises in his federal petition, yet he filed those petitions after he read the statute in question. Neither the "concealment" nor the "discovery" of the statute has any bearing on Trudeau's procedural default.

Trudeau also alleges that trial counsel's failure to pursue a direct appeal and the trial court's failure to appoint new counsel for direct appeal both constitute cause to excuse his procedural default. See Resp. to Order to Show Cause at 2. However, as he was advised in the Court's previous order, see Order to Show Cause (doc. 18) at 6, when the proffered cause itself states a claim for a constitutional violation, that cause must also have been correctly presented to the state courts. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000). The documents presented by Trudeau contain no reference to ineffective assistance of counsel based on his failure to pursue a direct appeal.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

Moreover, Trudeau would have had to file a petition for postconviction relief in order to raise such a claim, see Mont. Code Ann. § 46-21-101(1), and he did not do so. This Court may not consider his allegation that trial counsel was ineffective in failing to pursue a direct appeal.

Finally, Trudeau contends that the trial court unlawfully deterred him from pursuing sentence review by informing him that his sentence could be increased if he chose to file with the Sentence Review Division. See Resp. to Order to Show Cause at 2 (citing North Carolina v. Pearce, 395 U.S. 711, 724-26 (1969), overruled in part by Alabama v. Smith, 490 U.S. 794, 801 (1989) (holding that no presumption of vindictiveness arises from imposition of greater penalty following trial than was imposed following guilty plea)). Advising a convicted person of the law is not intimidation and is not vindictive. The notice correctly said that Trudeau's sentence could be increased, could be decreased, or could remain the same following review. See Resp. to Order to Show Cause Ex. 3 at 1 para. 2. The trial court's issuance of the notice is not cause to excuse Trudeau's failure to pursue a direct appeal or a petition for postconviction relief in the state courts.

The Court can only conclude that Trudeau has failed to show a legitimate and properly exhausted cause for his failure to pursue a direct appeal and for his failure to file a petition for postconviction relief in the trial court. He does not attempt to show actual innocence, nor could he; his petition contests only the sentence and terms of the plea agreement, not his guilt. This Court may not consider Claim 1 or Claims 3-11 because Trudeau failed to properly raise them in state court.

### B. Merits: Claim 2

The heart of Trudeau's petition is his contention that Mont. Code Ann. § 45-9-102(7) mandated that he be given a deferred sentence, whereas he was actually sentenced to serve five years

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

in prison, the statutory maximum.

The 2003 version of the Montana Code Annotated would have applied at the time of Trudeau's offense, and the appropriate subsection in that version of the statute is (6).[5] It provides that "[a] person convicted of a first violation under this section is presumed to be entitled to a deferred imposition of sentence of imprisonment." Mont. Code Ann. § 45-9-107(6) (2003). Considering Trudeau's claim that the trial court had no choice but to defer his sentence, the Montana Supreme Court said:

> We first note that Trudeau does not otherwise argue that his sentence was outside of statutory parameters and that, apparently, he did not appeal his sentence which was imposed on April 28, 2005. Under such circumstances, a sentence cannot be challenged in this Court by writ of review. Further, *contrary to Trudeau's arguments, § 45-9-107(6), MCA, does not mandate a deferred sentence but merely presumes that a deferred sentence is appropriate.* Trudeau offers no argument demonstrating that the statutory presumption was not rebutted in his case.

Pet. Ex. H at 1 (emphasis added).

The court also noted:

> On May 15, 2006, the District Court denied Trudeau's petition for writ of habeas corpus, which was based on the same grounds alleged here. The District Court ruled that the statutory presumption had been overcome by the circumstances, including dismissal of three more serious charges in exchange for the Defendant's guilty plea.

Id. at 1-2, n.1.

This Court is not aware of any federal law, applicable to the State of Montana, that requires subsection (6) of Mont. Code Ann. § 45-9-102 to be read as imposing a conclusive, unrebuttable presumption in favor of a deferred sentence. On the contrary, the Montana Supreme Court is the

---

[5] A new subsection was inserted after Trudeau was charged, pled guilty, and was sentenced. See 2005 Mont. Laws ch. 277, § 2 (effective Oct. 1, 2005). For all relevant purposes here, only the numbering of the subsections changed.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 8

highest authority – a higher authority than even the United States Supreme Court – when it comes to the interpretation of Montana law. See, e.g., Wisconsin v. Mitchell, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute."); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."). The Montana Supreme Court holds that Mont. Code Ann. § 45-9-102 does not require deferral of sentence for first-time offenders. That holding has a long history in Montana. See, e.g., State v. Upshaw, 153 P.3d 579, 589-90 (Mont. 2006) (citing State v. Bolt, 664 P.2d 322, 324 (Mont. 1983) (holding that presumption in favor of deferred sentence is a rebuttable presumption) (citing State v. Simtob, 462 P.2d 873, 876 (Mont. 1969))).

Trudeau does not read the statute to allow for rebuttal of the presumption. Neither Trudeau nor this Court may change the Montana Supreme Court's interpretation of the statute. Trudeau is not entitled to federal habeas relief on Claim 2 of his petition.

### C. Conclusion

The doctrine of procedural default bars consideration of Claim 1 and Claims 3-11. Claim 2 lacks merit. Trudeau's petition should be denied.

### IV. Certificate of Appealability

#### A. Governing Law

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).

The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner ... "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Thus, a petitioner may obtain a COA even if he does not establish that he will prevail on the merits. The COA inquiry seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. Lambright, 220 F.3d at 1025. Doubt as to whether a petitioner has met the standard is resolved in his favor. Id.

Where, as here, the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lambright, 220 F.3d at 1026 (quoting Slack, 529 U.S. at 484).

Finally, the COA must indicate which issues satisfy the required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should *not* issue." Fed. R. App. P. 22(b)(1) (emphasis added). The Court need not explain why a certificate *should* issue. Id.

**B. Discussion**

As to Claim 1 and Claims 3-11, at no time has Trudeau presented those claims to the

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 10

Montana Supreme Court. Though it is true that defense counsel's failure to file an appeal might, in some circumstances, excuse a procedural default, it does not do so here because Trudeau also failed to raise that claim in the state courts. Edwards v. Carpenter plainly bars consideration of that claim as a cause for procedural default. As to Claim 2, even assuming that it is not procedurally barred, Trudeau misreads the governing statute. Under the Montana Supreme Court's binding interpretation of the statute, he is not entitled to relief on the merits of his claim. There is no reason to encourage him to proceed further. A COA should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

Claim 1 and Claims 3-11 of Trudeau's Petition (doc. 1) should be DISMISSED WITH PREJUDICE as procedurally defaulted without excuse. Claim 2 should be DENIED on the merits. A certificate of appealability should be DENIED because no questions warranting further proceedings are presented in this case.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Trudeau may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Petitioner must immediately inform the Court of any change in his mailing address.</u>

DATED this 7th day of August, 2007.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 12