FILED
MISSOULA, MT

2007 SEP 10  PM 5 58

PATRICK E. DUFFY
BY _____
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| CLIFFORD TRUDEAU, | ) | CV 07-20-M-DWM |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WARDEN DAN O'FALLON, | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

Clifford Trudeau filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging various aspects of his conviction and sentence for criminal possession of dangerous drugs and theft. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation on August 7, 2007. Judge Lynch recommended dismissing Claim 1 and Claims 3 through 11 of Trudeau's petition for procedural default. Trudeau did not object to this portion of Judge Lynch's Findings and Recommendation, and thus, it will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d

1309, 1313 (9th Cir. 1981). Judge Lynch also recommended dismissing Claim 2 of Trudeau's petition on the merits. Trudeau timely objected to this portion of Judge Lynch's Findings and Recommendation. He therefore is entitled to de novo review of Claim 2. 28 U.S.C. § 636(b)(1).

Judge Lynch determined Claim 1 and Claims 3 through 11 were procedurally defaulted because Trudeau failed to raise these claims in a petition for postconviction relief and the time period for filing such a petition has expired. Moreover, Judge Lynch determined Trudeau had failed to show cause and prejudice or a fundamental miscarriage of justice excusing the default. I find no clear error in Judge Lynch's analysis and conclusion.

Judge Lynch also recommended dismissing Claim 2 of Trudeau's petition on the merits. In Claim 2, Trudeau alleges the trial court violated Montana Code Annotated § 45-9-102(7) by imposing a five-year sentence for the offense of criminal possession of dangerous drugs because the statute mandates a deferred sentence for Trudeau as a first-time drug offender. The statute states, in relevant part, "[a] person convicted of a first violation under this section is presumed to be entitled to a deferred imposition of sentence of imprisonment." In denying Trudeau's petition for postconviction relief on this claim, the Montana Supreme Court held § 45-9-102(7) does not mandate a deferred sentence, but merely presumes that a deferred sentence is

appropriate. Judge Lynch determined the Montana Supreme Court's interpretation of Montana law was controlling on a federal habeas court, and thus, concluded Claim 2 should be denied.

In his objections, Trudeau argues § 45-9-102(7) should be interpreted to mandate a deferred sentence for first-time offenders. Trudeau cites rules requiring a statute to be interpreted in accordance with its plain meaning, and requiring ambiguity in criminal statutes to be resolved in favor of lenity, United States v. Bass, 404 U.S. 336, 347 (1971), and in favor of a natural right, Mont. Code Ann. § 1-2-104. Trudeau's arguments miss the point. Federal courts are bound by state court interpretations of a state statute. Wisconsin v. Mitchell, 508 U.S. 476, 483 (1993); see also Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Trudeau's arguments could have been made to convince the Montana Supreme Court to interpret § 45-9-102(7) to require a deferred sentence for first-time offenders. The arguments, however, are not relevant or persuasive in a federal habeas court once the Montana Supreme Court has interpreted the statute, unless the Montana Supreme Court's interpretation violates federal law. Estelle, 502 U.S. at 68. Because Trudeau has failed to demonstrated the Montana Supreme Court's interpretation of the statute violates federal law, Claim 2 of Trudeau's petition is without merit.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full. Claim 1 and Claims 3 through 11 of Trudeau's Petition are DISMISSED WITH PREJUDICE as procedurally defaulted without excuse. Claim 2 is DENIED on the merits. A certificate of appealability is DENIED because no questions warranting further proceedings are presented in this case.

Dated this 10 day of September, 2007.

Donald W. Molloy, Chief Judge
United States District Court